BIRMINGHAM SCHOOL DISTRICT v BUCK (ON REMAND)

Docket No. 185070. Submitted April 25, 1995, at Lansing. Decided June 20, 1995, at 9:00 A.M. Leave to appeal sought.

Robert Buck, a tenured teacher, was discharged by the Birmingham School District because of sexual harassment of another teacher. The State Tenure Commission found that Buck had not engaged in sexual harassment or unprofessional conduct and ordered reinstatement. The Oakland Circuit Court, Robert L. Templin, J., denied the school district's petition for review, finding that there was competent, material, and substantial evidence supporting the commission's findings. The Court of Appeals, CAVANAGH, P.J., and MARILYN KELLY and M. D. SCHWARTZ, JJ., reversed the order of the commission, finding that the findings of fact by the commission were not supported on the record by competent, material, and substantial evidence in light of the commission's rejection of the victim's testimony and its acceptance of Buck's testimony despite the fact that all the third-party testimony on the record supported the victim's testimony and that Buck admitted that he attempted to suborn perjury. 204 Mich App 286 (1994). The Supreme Court remanded the case to the Court of Appeals for reconsideration in light of *Lakeshore Bd of Ed v Grindstaff (After Second Remand)*, 436 Mich 339 (1990). 448 Mich 908 (1995).

On remand, the Court of Appeals *held:*

1. The standard of review of Const 1963, art 6, § 28 that judicial review of findings of fact of an administrative body is limited to whether the finding was supported by competent, material, and substantial evidence on the record, the standard used by the Court of Appeals in the prior opinion, is consistent with the standard enunciated in *Lakeshore Bd of Ed.* Applying that standard, the findings of fact of the commission are not supported by competent evidence on the whole record.

2. Because the commission's findings of fact are not supported by competent evidence on the whole record, it is unnecessary to consider the propriety of the commission's conclusions of law.

Order of the State Tenure Commission reversed; order of the Birmingham School District reinstated.

*Hardy, Lewis, Pollard & Page, P.C.* (by *William G. Albertson*), for the petitioner.

*Jan C. Leventer,* for the respondent.

ON REMAND

Before: CAVANAGH, P.J., and MARILYN KELLY and NEFF, JJ.

MARILYN KELLY, J. This case is before us on remand from the Supreme Court. We are instructed to reconsider it in light of *Lakeshore Bd of Ed v Grindstaff (After Second Remand),* 436 Mich 339; 461 NW2d 651 (1990). We presume that we are asked to reconsider first the appropriate standard of review and second, whether we applied it properly to the facts of the case.

I

Our earlier opinion set forth in great detail the facts of this sexual harassment claim which involves two teachers. *Birmingham School Dist v Buck,* 204 Mich App 286, 287-290; 514 NW2d 528 (1994).

In it, we concluded, in accordance with *Lakeshore Bd of Ed,* that the State Tenure Commission was entitled to engage in de novo review and make independent findings of fact. *Birmingham School Dist,* p 293. We acknowledged that our Court's review of the Commission's findings is limited to a determination of whether there was competent, material and substantial evidence to support the Commission's finding. *Id.,* p 293.

The *Lakeshore Bd of Ed* decision described the appellate task as being to determine whether there was competent evidence to support the findings of fact made by the commission. *Lakeshore Bd*

*of Ed,* pp 354-355. In a footnote, the Court acknowledged that the case setting forth the competent evidence requirement was decided before the adoption of § 28 of the current state constitution. Const 1963, art 6, § 28 provides that a judicial review should determine whether an administrative ruling was supported by competent, material and substantial evidence on the whole record. *Id.,* p 355, n 39. We presume that the competent evidence standard should be viewed as incorporating the constitutional requirement that the evidence be competent, material and substantial.

Consequently, we conclude that our previous opinion did accurately employ the standard of review set forth in *Lakeshore Bd of Ed* for the purpose of analyzing the factual determinations made by the Tenure Commission.

Applying that standard, we again conclude that the Commission's findings of fact were not supported by competent evidence on the whole record for the reasons stated in our previous opinion. We emphasize our conviction that Buck's evidence, viewed in the context of the whole record, was not competent or substantial. We are mindful of Buck's acknowledged attempt to suborn perjury, his admission that he lied to at least one colleague in telling that party that Thirjung pursued him. During the period in question, he later claimed, he suffered from depression, contemplated suicide, made at least one suicide gesture and sought professional counseling. While he may have passed muster under the rules of evidence as a competent witness, it does not necessarily follow that his testimony was competent, as that standard is defined in *Lakeshore Bd of Ed.* We find crucial portions of it were not competent.

We have given a second painstaking review of the whole record. We again conclude that the

evidence that the Commission relied upon which was material was either insubstantial or incompetent in the sense that it was unbelievable, or both.

II

*Lakeshore Bd of Ed* also established the authority of the Tenure Commission to reach conclusions of law and to substitute its judgment for that of the school board. *Lakeshore Bd of Ed,* p 357. We note here that the Commission determined to reinstate Buck, a clear substitution of its judgment for that of the school board which had terminated Buck's employment.

In our earlier analysis, we focused on the question of whether the Commission's findings of fact were supported by competent, substantial and material evidence. In our estimation, it was unnecessary to reach the question of the Tenure Commission's authority to substitute its judgment for that of the School Board regarding Buck's discipline. Had we found that the Commission's factual findings were supported by competent evidence, we would have been required to reach the issue. In that event, we would have emphasized that the Tenure Commission has wide discretion in these areas, again in accord with *Lakeshore Bd of Ed,* p 357.

However, in this case we believe it is unnecessary to consider the propriety of the Tenure Commission's conclusions of law and its modification of Buck's discipline.

We reverse the Tenure Commission's decision to reinstate Buck and reinstate the decision of the Birmingham School Board.