SATTERFIELD v BOARD OF EDUCATION OF THE GRAND RAPIDS
PUBLIC SCHOOLS

Docket No. 181263. Submitted June 18, 1996, at Grand Rapids. Decided
October 11, 1996, at 9:45 A.M.

Yuel M. Satterfield's employment as a special education teacher was
terminated by the Board of Education of the Grand Rapids Public
Schools after he pleaded guilty of embezzling over $100 from a
Witmark Catalog Showroom where he was a part-time employee.
The State Tenure Commission upheld the termination, ruling that
Satterfield had been convicted of a crime involving moral turpi-
tude, that the conviction raised a presumption that his conduct
made him unfit to teach, and that he had not rebutted the presump-
tion. Satterfield appealed.

The Court of Appeals *held*:

1. A tenured teacher, such as Satterfield, may be terminated only
for reasonable and just cause. The school district bears the burden
of showing reasonable and just cause.

2. The commission did not err in adopting the rebuttable pre-
sumption that a teacher who is convicted of a crime involving
moral turpitude is unfit to teach. Although the presumption shifts
the burden of going forward with the evidence to the teacher, it
does not shift the burden of persuasion, which remains with the
school district. The burden of proof was not shifted from the
employer to the teacher.

3. The commission's finding that Satterfield's conviction had an
adverse effect on the students, staff, or institution was supported
by competent, material, and substantial evidence on the whole
record. The disciplinary action was properly based on a showing of
adverse effect. Satterfield's contention that there was no rational
nexus between his act of embezzling funds and the performance of
his job duties as a teacher is without merit.

Affirmed.

1. SCHOOLS — TENURE — TERMINATION OF TEACHERS — BURDEN OF PROOF.

Tenured teachers may be terminated only for reasonable and just
cause; the employer bears the burden of showing reasonable and
just cause; the employer may adopt a rebuttable presumption that a
teacher who is convicted of a crime involving moral turpitude is

unfit to teach, which places the burden on the teacher to come forward with evidence to rebut the presumption of unfitness but does not shift the burden of persuasion from the employer of proving that there is reasonable and just cause for termination (MRE 301; MCL 38.101; MSA 15.2001).

2. SCHOOLS — DISCIPLINING OF TEACHERS — ADVERSE EFFECT DOCTRINE.

   A school board may justify a disciplinary action against a teacher by showing that the teacher's conduct or attitude has an adverse effect on the students, staff, or institution.

*White, Przybylowicz, Schneider & Baird, P.C.* (by *William F. Young*), for Yuel M. Satterfield.

*Patterson, Kinney & Ruga* (by *Barbara A. Ruga*), for the Board of Education of the Grand Rapids Public Schools.

Before: MACKENZIE, P.J., and MARKEY and J. M. BATZER,* JJ.

MACKENZIE, P.J. Appellant teacher appeals as of right from a decision of the State Tenure Commission upholding the termination of his employment with the Grand Rapids Public Schools. We affirm.

Appellant worked for the school district for nine years as a special education teacher. In addition to teaching, he also worked part-time at a Witmark Catalog Showroom in the Grand Rapids area. In 1993, Witmark investigators discovered that appellant had embezzled $10,000 to $15,000 in one year. Appellant subsequently pleaded guilty of embezzling over $100. He was sentenced to five years' probation and ordered to perform community service and to make full restitution. On the basis of the conviction, the board of education determined that appellant's employment should be terminated.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Following a hearing, a hearing officer of the State Tenure Commission concluded that the district had sustained its burden of proving just and reasonable cause for appellant's discharge. The commission agreed, ruling that appellant had been convicted of a crime involving moral turpitude and that, under *Kenai Peninsula Borough Bd of Ed v Brown*, 691 P2d 1034 (Alas, 1984), the conviction raised a presumption that his conduct made him unfit to teach. The commission determined that appellant failed to rebut this presumption with evidence that his continued employment would have an insignificant effect upon his students, their parents, his peers, his position as a role model, and the reputation of his school. It then concluded that, because appellee proved that parents, staff, and the school district were adversely affected as a result of appellant's conviction, and that appellant could no longer effectively serve as a role model, appellant's discharge was warranted.

Under the teacher tenure act, tenured teachers such as appellant may be terminated only for reasonable and just cause. MCL 38.101; MSA 15.2001. The school district bears the burden of showing reasonable and just cause. *Comstock Public Schools v Wildfong*, 92 Mich App 279, 284; 284 NW2d 527 (1979). On appeal, appellant contends that the commission erred in adopting the so-called *Kenai* presumption, that is, the rebuttable presumption that a teacher who is convicted of a crime involving moral turpitude is unfit to teach. According to appellant, the presumption improperly shifts the burden of proof in a tenure case from the employer to the teacher. We disagree.

There are two aspects of the "burden of proof"—the burden of persuasion and the burden of going forward with the evidence. *Widmayer v Leonard*, 422 Mich 280, 290; 373 NW2d 538 (1985). A presumption such as the *Kenai* presumption shifts the burden of going forward with the evidence, but does not shift the burden of persuasion. MRE 301; *Widmayer*, *supra*, p 291. Thus, the *Kenai* presumption places the burden on a teacher to come forward with evidence to rebut the presumption of unfitness, but the burden of persuasion—the burden of proving that there was reasonable and just cause for termination—remains with the school district. Appellant's argument therefore fails.

Appellant also asserts that the *Kenai* presumption improperly "revers[es] the adverse effect requirement posited previously by this Court in *Miller v Grand Haven Bd of Education*, 151 Mich App 412; 390 NW2d 255 (1986)." This argument is also without merit. Contrary to what appellant claims, the *Miller* Court did *not* hold that the adverse effect doctrine requires a showing that a teacher's conduct adversely affected students or other teachers. Instead, the Court specifically stated:

> Rather than being a requirement that school boards are required to meet in all instances, [the adverse effect of a teacher's actions] is a permissible basis for discipline. That is, a school board may justify a disciplinary action against a teacher by showing that the teacher's conduct or attitude has an adverse effect on the students, staff or institution. Indeed, in some instances the showing of adverse effect may be the only available basis for discipline.

\*     \*     \*

> We caution, however, that our opinion should not be read
> as *requiring* a showing of adverse effect [where a teacher's
> conduct, outside of the school and not involving students is
> the basis of discipline]. [151 Mich App 420-421 (emphasis in
> the original).]

Because *Miller* expressly refused to adopt an adverse effect requirement, appellant's argument must be rejected. In any event, a review of the commission's decision shows that it addressed the adverse effect of appellant's embezzlement conviction and that the finding was supported by competent, material, and substantial evidence on the whole record. *Birmingham School Dist v Buck (On Remand)*, 211 Mich App 523, 524-525; 536 NW2d 297 (1995), remanded on other grounds 451 Mich 905 (1996).

Finally, appellant contends that his discharge was improper because there was not a "rational nexus" between his act of embezzling funds from Witmark and the performance of his job duties as a special education teacher. This argument is also without merit. The school board presented the testimony of several parents and school employees, all of whom stated that retention of appellant after his embezzlement conviction would have an adverse effect on the school, parents, and children. There was testimony that retaining appellant would affect the school's reputation, would affect referrals, and would make it difficult to work in a team. The fact that appellant presented some witnesses who testified to the contrary does not mean that the commission's decision was not properly supported. See *Michigan Employment Relations Comm v Detroit Symphony Orchestra, Inc*, 393 Mich 116, 126-127; 223 NW2d 283 (1974). The commission's findings were supported by compe-

tent, substantial, and material evidence on the whole record. *Buck, supra.*

Affirmed.