IN THE MATTER OF HUBEL

Docket No. 84572. Submitted November 14, 1985, at Detroit.—Decided
February 3, 1986. Leave to appeal applied for.

Petitioner, Oakland County Department of Social Services, filed a
petition to terminate the parental rights of respondents, Billie
Joe and Richard Hubel, to their minor children, Timothy,
Amelia, Richard and Carla Hubel, in Oakland Probate .Court
alleging that respondents were unable to provide a fit home for
their children by reason of neglect. The court, Robert J. Barber,
J., granted the petition at the conclusion of the proceedings.
Respondents appealed. *Held:*

1. The probate court did not abuse its discretion in denying
respondents' demand for a jury trial at the adjudicative phase
of the proceedings.

2. The record overwhelmingly substantiated and supported
the probate court's finding of neglect.

Affirmed.

1. Parent and Child — Termination of Parental Rights — Court
Rules.

While procedures in the juvenile division of probate court are not
deemed to be criminal, the court shall proceed in such a
manner as will safeguard procedural rights, and the proper
interests of the child, the child's parents and the public (JCR
1969, 1.3, now MCR 5.901[B]).

2. Parent and Child — Termination of Parental Rights — Jury
— Statutes — Court Rules.

The right to a jury trial attaches only to the adjudicative phase of
a termination of parental rights proceeding; a jury's function is

References

Am Jur 2d, Infants §§ 22 *et seq.*

Am Jur 2d, Juvenile Courts and Delinquent and Dependent Chil-
dren § 34.

Am Jur 2d, Parent and Child §§ 34 *et seq.*

Validity of state statute providing for termination of parental
rights. 22 ALR4th 774.

See also the annotations in the ALR3d/4th Quick Index under
Juvenile Courts and Delinquency.

to determine whether a child comes within the probate court's jurisdiction under the statute; if a jury finds that the child is not within the court's jurisdiction, then an order dismissing the petition for termination of parental rights is mandatory; if, however, the jury finds that the child is within the probate court's jurisdiction, then the court may enter an appropriate order of disposition (MCL 712A.18; MSA 27.3178[598.18], JCR 1969, 8.1, now MCR 5.908[A]).

3. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — JURY — COURT RULES.

The right to a jury trial in the adjudicative phase of a termination of parental rights proceeding is waived if not timely demanded as prescribed by court rule (JCR 1969, 7.2[2][a-d]).

*L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Margaret C. Horenstein,* Assistant Prosecuting Attorney, for petitioner.

*Rothstein, Erlich & Rothstein* (by *Steward I. Erlich),* Guardian Ad Litem for the children.

*Bratton, Bratton & Hedquist* (by *Robert W. Hedquist),* for respondents.

Before: BEASLEY, P.J., and V. J. BRENNAN and CYNAR, JJ.

V. J. BRENNAN, J. Respondents Billie Joe and Richard Hubel appeal by leave granted from a February 26, 1985, Oakland County Probate Court order which terminated their parental rights to their four minor children, Timothy, Amelia, Richard and Carla Hubel. MCL 712A.19a(e); MSA 27.3178(598.19a)(e).

Respondents' first claim is that the probate court abused its discretion in denying their demand for a jury trial. There was no abuse of discretion.

Proceedings under Chapter 12A are not "deemed

to be criminal proceedings". MCL 712A.1; MSA 27.3178(598.1); JCR 1969, 1.3, now MCR 1985 5.901(B).

"While procedures shall not be deemed criminal, the court * * * shall proceed in such a manner as will safeguard procedural rights, and the proper interests of the child, the child's parents * * * and the public." JCR 1969, 1.3, now MCR 5.901(B).

The former JCR 1969, 7.2(B),[1] now MCR 5.907(B), provided the criteria for demand of a jury trial and notice of the right to a jury trial. JCR 1969, 8.1, now MCR 5.908(A), describes the two types of proceedings in juvenile court:

"(a) Adjudicative Phase. The adjudicative phase determines whether the child comes within the court's jurisdiction under MCL 712A.1 *et seq.;* MSA 37.3178(598.1) *et seq.,* as alleged in the petition. There is a right to a jury trial.
"(b) Dispositional Phase. The dispositional phase determines measures to be taken by the court with respect to the child and adults properly within its jurisdiction if the court has determined at the adjudicative

---

[1] "Notice of Right to Jury. Notice that the matter may be heard before the court with or without a jury, that a request for a jury must be filed in writing with the court, and what the time limits for demanding a jury trial are, must be included in or attached to the summons.

"A parent, guardian, guardian ad litem, custodian, child, or counsel for any of them may demand a jury for an adjudicative hearing by filing a written request with the juvenile court.

"(a) at least 10 days before the date set for hearing, if summoned or notified 20 days or more before the hearing date;

"(b) at least 5 days before the date set for hearing, if summoned or notified 10 days or more but less than 20 days before the hearing date;

"(c) at least 1 day before the date for hearing, if summoned or notified 5 days or more but less than 10 days before the hearing date; or

"(d) on or before the hearing date, if summoned or notified less than 5 days before the hearing date."

MCR 1985, 5.907(B)(1)(b) sets forth a different time table.

phase that the child comes within the statute. There is no right to a jury trial." JCR 1969, 8.1.

The right to a jury trial attaches only to the adjudicative stage of the proceedings. *In re Mathers,* 371 Mich 516, 531; 124 NW2d 878 (1963). "[W]hen a jury is employed its use is limited to the conventional jury function, that of fact finding." 371 Mich 532. The jury's function, therefore, is to find whether or not the child comes within the provisions of the chapter. The court then determines "what order is to be entered upon the findings". 371 Mich 531.

"[I]f the jury should find that a child is not within the provisions of the chapter (in this case, not neglected) then, by the language of [MCL 712A.18; MSA 27.3178(598.18)] an order dismissing the petition is mandatory. If, however, the jury finds that a child is within the provisions of the chapter, then the court may enter an appropriate order of disposition * * *." 371 Mich 532.

We reiterate that the jury's determination is only at the adjudicative stage.

In civil cases, the right to a jury trial is waived by a party's failure timely to demand a jury as prescribed by law. Const 1963, art 1, § 14; *People ex rel Mabley v Judge of Superior Court of Detroit,* 41 Mich 31, 34; 1 NW 985 (1879). We recognize that this is not a "traditional" civil case, but, nonetheless, the timeliness of the demand for a jury trial as it relates to the instant case is determined by court rule. See the former JCR 1969, 7.2(B)(2).[2]

Our review of the entire record leads us to conclude that the respondent parents waived their

---

[2] See footnote 1.

rights to a jury trial for the adjudicative phase of the proceedings involving their children Timothy and Richard, who were under the court's jurisdiction for several years and the adjudicative phase of the proceedings involving their daughters Amelia and Carla, because the parents failed to file a timely written jury demand through their attorneys or on their own after the issuance of three summonses, notifying them of their right to a jury trial. The last summons was issued on November 30, 1984, for the January 15, 1985, hearing. The respondents were no strangers to the probate court systems because their older children were the subjects of a continuing neglect case.

Furthermore, we find no abuse of discretion in the court's denial of respondents' request for a jury trial on the day of the hearing.

Disruption of the proceedings was most definitely not the trial court's only consideration in denying the respondents' untimely demand.

The portion of the case involving the minor boys had been ongoing for four years. The two younger female children were made temporary wards of the court in early September, 1984, because an immediate emergency situation existed. The girls had been taken to the Department of Social Services by their aunt, who was the sister of respondent Billie Joe. Billie Joe had turned the care of the two children over to a friend and the aunt, who, upon checking up on the children, found them to be without proper care. The aunt could not take care of them either because of her own personal situation. Several hearings were postponed over the next five months and any further delays would have exacerbated the already stressful, uncertain and traumatic situation faced by the young children. The court was faced with a balancing of the parents' interests and the childrens' interests. It is

entirely clear from the record that the two younger children were neglected and came within the provisions of the code. The trial court's denial of the jury demand on the day of the hearing did not prejudice the parties involved.

Our review also leads us to conclude that the trial court's finding of neglect as the statutory basis for termination of the respondents' parental rights to Amelia and Carla was not clearly erroneous. See *In re Cornet,* 422 Mich 274; 373 NW2d 536 (1985).

The record overwhelmingly substantiates and supports the finding of neglect under MCL 712A.19a(e); MSA 27.3178(598.19a)(e). The state met its burden of proving neglect by clear and convincing evidence. Termination of respondents' parental rights to all four children on the basis of neglect alone was warranted here. Although the trial court recorded other statutory bases for termination of parental rights, it is clear that the court's statements only indicated its acknowledgment of the requirements necessary to terminate rights under each statutory category.

Affirmed. We retain no further jurisdiction.