*In re* MILLER

Docket No. 108973. Submitted February 15, 1989, at Detroit. Decided May 5, 1989.

On May 7, 1985, the Department of Social Services filed a petition in the Juvenile Division of the Tuscola County Probate Court, requesting that the court take jurisdiction over Michelle, Michael and Edward Miller on the basis of parental abuse and neglect by their stepfather and mother, William and Barbara Medbery. On May 16, 1985, the Medberys, *after being advised* by the court of the nature of the proceedings and their right to appointed counsel and a jury trial, waived those rights and admitted the truthfulness of the petition. The court accepted the admissions and set the date of the dispositional hearing. On June 24, 1985, the minors were made temporary wards of the court and were ordered to remain in the care and custody of the Medberys under the supervision of the Department of Social Services. Over the next two years there were a number of rehearings relating to the court's continuing wardship of the children. On October 2, 1987, a petition was filed alleging a *new act of parental abuse.* The Medberys demanded a jury trial. The court, W. Wallace Kent, Jr., J., denied the demand for a jury trial and ordered continuing temporary wardship of the children. The Medberys appealed.

The Court of Appeals *held:*

1. The right to a jury determination exists only during the adjudicative phase. Once the probate court obtains jurisdiction over the children, the matter enters the dispositional phase for which no right to a jury trial exists. The petition alleging the new act of abuse did not constitute the initiation of a new proceeding, but rather was a continuation of the dispositional phase. Accordingly, there was *no right to a jury trial on the matters* raised in the later petition.

2. The Michigan Rules of Evidence do not apply at a disposi-

REFERENCES

Am Jur 2d, Jury §§ 7 *et seq.*; Juvenile Courts and Delinquent and Dependent Children §§ 49-54; Parent and Child §§ 11, 34, 35.

See the Index to Annotations under Children; Jury and Jury Trial; Juvenile Courts and Delinquent Children; Termination of Parental Rights.

tional hearing. The April, 1988, hearing was a dispositional hearing. The court did not err in admitting hearsay evidence, since that evidence was relevant and material in that it was probative of the question of whether the court should continue to exercise jurisdiction over the children.

Affirmed.

1. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — JURY — ADJUDICATIVE PHASE — DISPOSITIONAL PHASE.

The right to a jury trial exists only in the adjudicative phase of a juvenile proceeding; the dispositional phase of a juvenile proceeding is the sole province of the juvenile court judge; once a case enters the dispositional phase, any subsequently filed petition alleging new instances of abuse or neglect of the juvenile is dispositional in nature and there exists no right to jury trial with respect to the new charges (MCR 5.908[A]).

2. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — DISPOSITIONAL PHASE — EVIDENCE.

The Michigan Rules of Evidence do not apply to a hearing during the dispositional phase of a juvenile proceeding; at such hearing all relevant and material evidence may be received and relied upon to the extent of its probative value even though such evidence may have been inadmissible in a trial (MCR 5.973[A][4][a]).

*William D. Bond,* Prosecuting Attorney, and *Frederick C. Overdier,* Assistant Prosecuting Attorney, for petitioner.

*Kim David Glaspie,* for respondents.

Before: SAWYER, P.J., and MAHER and BRENNAN, JJ.

PER CURIAM. Respondents appeal as of right from an order of the Tuscola County Probate Court continuing their minor children's status as temporary wards of the court. We affirm.

Respondents first argue that the trial court erred so as to require reversal when it denied their request for a jury trial with respect to the matters

raised in the October 2, 1987, petition filed by petitioner. We disagree.

The right to a jury trial exists only in the adjudicative phase of the juvenile proceeding. *In re Hubel,* 148 Mich App 696, 699; 384 NW2d 849 (1986), lv den 425 Mich 874 (1986); *In re Oates,* 53 Mich App 629, 632; 220 NW2d 188 (1974); MCR 5.908(A). The dispositional phase of the juvenile proceeding is the sole province of the juvenile court judge. *Oakes, supra.*

The probate court obtained jurisdiction of the minor children on May 16, 1985, the date respondents' pleas of admission were accepted by it. Respondents admit this in their brief. The adjudicative phase of the proceeding ended on that date. All subsequent proceedings, including the hearing conducted on April 20 and 21, 1988, were part of the dispositional phase.

The fact that the pleadings filed on October 2, 1987, and March 14, 1988, were labeled "petition" and "supplemental petition," respectively, and the fact that the probate court initially treated them as requiring formal adjudication, are of no consequence. Respondents' argument to the contrary attempts to raise form over substance. Juvenile proceedings are continuous in nature. MCR 5.971(B)(4). Once a case enters the dispositional phase, any subsequently filed petition which alleges new instances of abuse or neglect of the minor children does not create an entirely new case which requires the probate court to redetermine jurisdiction and thus afford the respondent the right to a jury trial. The new charges fall within the continuation of the original proceeding. The hearing on such a petition is dispositional in nature, and no right to a jury trial exists.

Respondents also argue that the trial court

erred by admitting into evidence hearsay testimony at the April, 1988, hearing. We disagree.

Under MCR 5.973(A)(4)(a), the Michigan Rules of Evidence do not apply at a dispositional hearing. All relevant and material evidence may be received and relied on to the extent of its probative value, even though such evidence may be inadmissible at trial. *Id.*

The April, 1988, hearing was dispositional in nature. Therefore, the rules of evidence did not apply and the hearsay evidence was admissible. The probate court did not err by admitting the challenged hearsay evidence.

Affirmed.