MEYER JEWELRY COMPANY v JOHNSON

Docket No. 198271. Submitted February 11, 1998, at Detroit. Decided April 3, 1998, at 9:15 A.M.

Meyer Jewelry Company obtained a money judgment against Mark A. Johnson in the 36th District Court, which entered an order permitting the defendant to pay the judgment in monthly installments. The plaintiff filed a writ of garnishment of a profit-sharing bonus the defendant was due to receive from his employer. The employer paid part of the bonus to satisfy the balance due on the judgment. The defendant objected to the garnishment and sought the money paid pursuant to garnishment. The court, Richard Halloran, J., initially ruled in favor of the defendant after a hearing, in favor of the plaintiff after rehearing, and ultimately in favor of the defendant after reconsideration, determining that the profit-sharing bonus was not subject to garnishment. The Wayne Circuit Court, Robert J. Colombo, Jr., J., affirmed on appeal. The plaintiff appealed by leave granted.

The Court of Appeals *held*:

MCL 600.6231; MSA 27A.6231 prohibits the garnishment of any money due or to become due for the personal work and labor of the defendant upon a judgment made payable in installments, except upon the written order of the judge. Because an employee is not entitled to participate in and receive distributions from a profit-sharing plan unless the employee performs services for the employer, and distributions from the plan are part of the employee's compensation package, a profit-sharing bonus may reasonably be construed as money due for work and labor and not subject to garnishment.

Affirmed.

GARNISHMENT — JUDGMENTS PAYABLE IN INSTALLMENTS — MONEY DUE FOR WORK OR LABOR.

Any payment a judgment debtor who is under an order to make installment payments on the judgment receives from an employer for work or labor performed, including a profit-sharing bonus, is not subject to garnishment absent a court order (MCL 600.6231; MSA 27A.6231).

*Colombo & Colombo* (by *Lawrence F. Raniszeski*), for the plaintiff.

UAW-Chrysler Legal Services Plan (by *Willienard Banks*), for the defendant.

Before: DOCTOROFF, P.J., and REILLY and G. S. ALLEN*, JJ.

DOCTOROFF, P.J. Plaintiff appeals by leave granted from the circuit court order affirming a district court order granting defendant's motion for reconsideration, and a district court holding that bonuses and profit sharing constitute payment for work and labor under MCL 600.6231; MSA 27A.6231 and that no writ of garnishment shall issue against those payments. We affirm.

In December 1987, plaintiff obtained a judgment against defendant in the amount of $2,394.06. In December 1994, pursuant to MCL 600.6215(1); MSA 27A.6215(1), the district court entered an order permitting defendant to pay the judgment in installments of $50 a month. In January 1995, the balance due on the judgment, including interest and costs, was $2,935.44. On January 24, 1995, plaintiff filed a nonperiodic writ of garnishment against a profit-sharing payment defendant was due to receive from his employer, Chrysler Corporation. The writ was served on February 1, 1995, and on February 10, 1995, Chrysler paid plaintiff a portion of the bonus covering the balance due on the judgment. On February 17, 1995, plaintiff filed a satisfaction of judgment and defendant filed objections to the writ of garnishment.

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

Plaintiff did not appear at the hearing on the objections in the district court, and the court ruled in favor of defendant. Plaintiff filed a motion for rehearing. On rehearing, the district court ruled that, because the bonus was not a periodic payment, it was subject to garnishment despite the order for installment payments. Defendant filed a motion for reconsideration, arguing that the bonus was not subject to garnishment. On reconsideration, the court determined that the bonus constituted a fringe benefit under MCL 408.471(e); MSA 17.277(1)(e) that was not subject to garnishment under MCL 600.6215(2); MSA 27A.6215(2) and MCL 600.6231; MSA 27A.6231, and entered an order requiring plaintiff to return the money to defendant. Plaintiff appealed to the circuit court, which affirmed the district court's order.

MCL 600.6201(1); MSA 27A.6201(1) provides that a judge may enter an order permitting a defendant to pay in installments any judgment previously rendered in the judge's court. MCL 600.6215(2); MSA 27A.6215(2) provides that the "order shall stay the issuance of any writ of garnishment for work and labor during the period that the defendant complies with the order." MCL 600.6231; MSA 27A.6231 provides:

> The garnishment of any money due or to become due for the personal work and labor of the defendant upon a judgment made payable in installments either by the court order or agreement of parties is prohibited, excepting upon the written order of the judge. Any writ of garnishment issued with the order is void. The order may be made following due notice to the defendant if installments are due.

The issue on this appeal is whether defendant's profit-sharing bonus constitutes "money due or to become

due for personal work and labor" that is not subject to garnishment under MCL 600.6231; MSA 27A.6231. This is an issue of first impression in Michigan.

Statutory construction is a question of law that is reviewed de novo on appeal. *Markillie v Livingston Co Bd of Co Rd Comm'rs*, 210 Mich App 16, 21; 532 NW2d 878 (1995). In interpreting a statute, this Court must first and foremost give effect to the intent of the Legislature. *Tryc v Michigan Veterans' Facility*, 451 Mich 129, 135; 545 NW2d 642 (1996). If the language of the statute is clear and unambiguous, the plain meaning of the statute reflects the legislative intent and judicial construction is not permitted. *Id.* This Court must give statutory language its ordinary and generally accepted meaning. *Id.* Where a statute does not define a term, resort to a dictionary for a definition is appropriate. *Blue Cross & Blue Shield of Michigan v Eaton Rapids Community Hosp*, 221 Mich App 301, 313; 561 NW2d 488 (1997). The principles of statutory construction also apply in construing the court rules. *Bush v Beemer*, 224 Mich App 457, 461; 569 NW2d 636 (1997).

Plaintiff argues that defendant's profit-sharing bonus was a nonperiodic payment and that the lower courts erred in holding that it was a payment due for the work or labor of defendant. Plaintiff relies on a definition of nonperiodic payments contained in the Garnishee Disclosure Form. However, MCL 600.6231; MSA 27A.6231 does not distinguish between periodic and nonperiodic payments, but rather applies to all payments due or to become due for the defendant's work or labor. The distinction becomes relevant only if an order for installment payments is entered after a writ of garnishment of periodic payments for work

and labor is issued, in which case the writ is no longer effective. MCR 3.101(N). Because the writ of garnishment in the present case was issued after the order for installment payments was entered, the distinction between periodic and nonperiodic payments is not relevant to the resolution of this appeal.

Because the installment judgments act, MCL 600.6201 *et seq.;* MSA 27A.6201 *et seq.* does not define "payment due for work and labor," we resort to the dictionary. *Blue Cross & Blue Shield of Michigan, supra* at 313. Black's Law Dictionary defines "work" as follows:

> To exert one's self for a purpose; to put forth effort for the attainment of an object; to be engaged in the performance of a task, duty or the like. The term covers all forms of physical or mental exertions, or both combined, or the attainment of some object other than recreation or amusement. [Black's Law Dictionary (5th ed).]

"Labor" is defined:

> Work; toil; service; mental or physical exertion. Term normally refers to work for wages as opposed to work for profits; though the word is sometimes construed to mean service rendered or part played in the production of wealth. Includes superintendence or supervision of work. [Black's Law Dictionary (5th ed).]

The standard dictionary defines the terms as follows:

> Work: 1. Exertion or effort directed to produce or accomplish something; labor; toil. 2. Something on which exertion or labor is expended; a task or undertaking. 3. Productive or operative activity, especially employment to earn one's living. . . .
>
> Labor: 1. Productive activity, especially for the sake of economic gain. . . . 4. physical or mental work, especially of

a hard or fatiguing kind; toil. 5. A job or task done or to be done. [*Random House Webster's College Dictionary* (1992).]

While the legal definition of labor as work for remuneration other than profits arguably supports a finding that defendant's profit-sharing payment was subject to garnishment, we reject such a conclusion. Had the Legislature wanted, it could have limited the application of MCL 600.6231; MSA 27A.6231 to wages. Instead, the plain language of the statute provides that *any* money due for work and labor is not subject to garnishment when an order permitting installment payments has been entered. Because an employee is not entitled to participate in and receive distributions from a profit-sharing plan unless he performs services for an employer with such a plan, and the distributions from the plan are part of the employee's total compensation package, the plan distribution can reasonably be construed as payment for work and labor. This interpretation serves the purpose of the statute, which is to protect persons with installment payment orders from garnishment absent prior notice and a specific order allowing it. We therefore hold that, pursuant to MCL 600.6231; MSA 27A.6231, when a judgment debtor is under an order to make installment payments, any payment he receives from his employer attributable to work or labor performed, whether periodic or nonperiodic, is not subject to garnishment absent an order of the court.

We note that the Supreme Court amended MCR 3.101(A)(4) in December 1997 to include "bonuses" in the definition of "periodic payments." Plaintiff contends that this supports its argument that defendant's profit-sharing payment was subject to garnishment under the court rule as it was in effect at the time of

the lower court proceedings. We reject this argument for two reasons. First, while changes in statutory language are presumed to reflect a change in meaning, this Court has also recognized that changes in statutory language may reflect an attempt to clarify the meaning of a provision rather than change it. *Michigan Automotive Research Corp v Dep't of Treasury (After Remand)*, 222 Mich App 227, 232; 564 NW2d 503 (1997). Second, as discussed above, the distinction between periodic and nonperiodic payments is irrelevant to the resolution of the present case, because the writ of garnishment was entered after the order permitting installment payments.

Affirmed.