*In re* PAP

Docket No. 229002. Submitted June 5, 2001, at Detroit. Decided August 17,
2001, at 9:00 A.M.

The Family Independence Agency petitioned the Wayne Circuit Court,
Family Division, to exercise jurisdiction over PAP, a minor, and to
terminate the parental rights of the child's mother on the ground
that parental rights to one or more siblings of the child have been
terminated because of serious and chronic neglect or physical or
sexual abuse, and prior attempts to rehabilitate the mother have
been unsuccessful, MCL 712A.19b(3)(i). The respondent mother
timely asserted her right to a jury trial in the adjudicative phase.
The petititioner moved for summary disposition under MCR
2.116(C)(10), arguing that the court should exercise jurisdiction
over the child because no genuine issues of material fact existed
regarding the grounds for asserting jurisdiction. The court, Mary
Beth Kelly, J., granted the motion and also terminated the respon-
dent's parental rights without conducting a dispositional hearing.
The respondent appealed.

The Court of Appeals *held*:

The trial court's employment of summary disposition procedures
is not permitted by the court rules that govern child protective pro-
ceedings and does not comport with due process. The trial court
also failed to honor the respondent's demand for a jury trial in the
adjudicative phase, and it failed to conduct a dispositional hearing.

1. Jurisdiction over a minor is acquired by trial, plea of admis-
sion, or plea of no contest. MCR 5.971, 5.972. Parents may demand
a jury determination of the facts in the adjudicative phase of child
protective proceedings. MCR 5.911(A). If the court acquires juris-
diction, the dispositional phase determines what action, if any, will
be taken on behalf of the child. The termination of parental rights
requires further dispositional hearings and proof of the statutory
elements by clear and convincing evidence.

2. The trial court erred in concluding that MCR 2.116(C)(10)
applies to child protective proceedings. MCR 5.901 provides that
the rules in subchapter 5.900, in subchapter 1.100, and in rule 5.113
govern practice and procedure in the family division of the circuit
court in all cases filed under the Juvenile Code and that other

Michigan Court Rules apply to such juvenile cases in the family division of the circuit court only when subchapter 5.900 specifically provides. At no place in subchapter 5.900 is MCR 2.116 applied in child protective proceedings. Although commentary to MCR 5.993 suggests that MCR 2.119 has been incorporated by reference in the rules governing child protective proceedings and MCR 5.922(C) provides that motion practice in juvenile court is governed by MCR 2.119, it does not follow that MCR 2.116 applies to child protective proceedings. The fact that the general motion practice provisions of MCR 2.119 apply to motions for summary disposition brought under MCR 2.116 and also to motion practice under subchapter 5.900 of the Michigan Court Rules has no bearing on whether MCR 2.116 applies to child protective proceedings.

Parental rights termination order vacated; case remanded for an adjudicative trial.

COURTS — CIRCUIT COURT, FAMILY DIVISION — CHILD PROTECTIVE PROCEEDINGS — JURISDICTION — SUMMARY DISPOSITION.

The family division of a circuit court acquires jurisdiction over a child in the adjudicative phase of a child protective proceeding by trial, plea of admission, or plea of no contest; the issue of jurisdiction may not be decided by a motion for summary disposition (MCR 2.116, 5.971, 5.972).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Frederick H. Gruber*, Special Assistant Attorney General, for the petitioner.

*Katherine A. Gonzales*, for the respondent.

Legal Aid and Defender Association (by *Lorray S. C. Brown*), Guardian Ad Litem for the minor child.

Before: HOEKSTRA, P.J., and TALBOT and ZAHRA, JJ.

TALBOT, J. Respondent-appellant (the mother) appeals as of right the trial court's order terminating her parental rights to the minor child pursuant to MCL 712A.19b(3)(i).[1] She challenges the trial court's asser-

---

[1] MCL 712A.19b(3)(i) provides grounds to terminate parental rights if "[p]arental rights to 1 or more siblings of the child have been terminated

tion of jurisdiction over the minor child and termination of her parental rights by its order granting petitioner's motion for summary disposition pursuant to MCR 2.116(C)(10). We vacate the court's order and remand for further proceedings.

On July 8, 1999, petitioner Family Independence Agency (FIA) began proceedings to terminate the mother's parental rights to the minor child. The FIA also sought termination of the parental rights of the putative father, James Lee Payne, and the legal father, respondent Robert Jones. The mother timely asserted her right to a jury trial to determine the trial court's jurisdiction over the child. At the conclusion of one of several pretrial hearings, the putative father requested a separate jury trial. In response to this jury demand, the FIA informed the court that if the father insisted on a separate jury trial, the FIA would file a motion for summary disposition with respect to the issue of jurisdiction.

Counsel for the FIA treated this child protective proceeding like any civil matter and filed a motion for summary disposition pursuant to MCR 2.116(C)(10) with respect to both fathers and the mother. The FIA argued that no genuine issue of material fact existed regarding the trial court's grounds to assert jurisdiction over the minor child. Notably, the FIA did not ask the court to terminate parental rights on summary disposition; instead, the FIA asked only that the court assume jurisdiction over the child.

The mother's appointed counsel did not object to the use of summary disposition to resolve the matter

due to serious and chronic neglect or physical or sexual abuse, and prior attempts to rehabilitate the parents have been unsuccessful."

and agreed to waive oral argument on the motion. Counsel sought an extension of time in which to file a brief in opposition to the FIA's motion, and the court granted the request. The court indicated that it would either grant summary disposition with respect to the question of jurisdiction and proceed to the dispositional phase, or it would deny the motion and conduct a trial with respect to the issue of jurisdiction. Ultimately, counsel for the mother never filed a response to the FIA's motion for summary disposition.[2]

The trial court issued a written opinion. The court explained in a footnote its rationale for concluding that summary disposition is permitted in child protective proceedings. The court noted that MCR 5.901 through MCR 5.927 govern child protective proceedings and that, pursuant to MCR 5.901, other Michigan Court Rules apply only when subchapter 5.900 specifically provides. The court recognized that MCR 2.116(C)(10) is not explicitly made applicable to such proceedings. However, the court noted the commentary to MCR 5.993, which suggests that MCR 2.119, governing motion practice generally, has been incorporated by reference. Further, the court reasoned, MCR 5.972 governs trials in child protective proceedings and assumes the existence of disputed issues of fact. The court concluded that "[i]f such is not the case, no reason exists *not* to allow a motion under MCR 2.116(C)(10)."

The trial court found no genuine issue of material fact and concluded that grounds for its assertion of jurisdiction existed. Because the mother had not op-

---

[2] Our review of the record indicates that the only filing by the mother's attorney was the demand for a jury trial.

posed the motion for summary disposition, the court felt it was compelled to grant the motion and noted the mother's failure to demonstrate the existence of a genuine issue of material fact. Instead of limiting its consideration to the question of jurisdiction, the court sua sponte made findings of fact and terminated the mother's parental rights.

On appeal, the mother argues that the trial court's exercise of jurisdiction over the minor child and termination of her parental rights on the basis of a grant of summary disposition violated her right to procedural due process.[3] Although she did not oppose the FIA's motion for summary disposition or argue that the motion was not properly before the court, we will address the argument because it involves a significant constitutional issue and all necessary facts are before this Court. *In re RFF*, 242 Mich App 188, 204; 617 NW2d 745 (2000); *In re Lang*, 236 Mich App 129, 135; 600 NW2d 646 (1999). The interpretation and application of court rules are questions of law that we review de novo. *In re Contempt of Tanksley*, 243 Mich App 123, 127; 621 NW2d 229 (2000). Likewise, to the extent that resolution of this issue implicates constitutional due process concerns, our review is de novo. *In re Carey*, 241 Mich App 222, 225-226; 615 NW2d 742 (2000).

In child protective proceedings, the trial court must first determine whether it may exercise jurisdiction over the child. *In re Brock*, 442 Mich 101, 108; 499 NW2d 752 (1993). "To acquire jurisdiction, the factfinder must determine by a preponderance of the

---

[3] The mother makes only a procedural argument on appeal. She does not address the factual basis underlying the trial court's assertion of jurisdiction and termination of her parental rights.

evidence that the child comes within the statutory requirements of MCL 712A.2[.]" *In re Brock, supra* at 108-109; MCR 5.972(C)(1). The procedural safeguards used in adjudicative hearings protect parents from the risk of erroneous deprivation of their liberty interest in the management of their children. *In re Brock, supra* at 111. Jurisdiction over a minor child is acquired by trial, plea of admission, or plea of no contest. MCR 5.971, 5.972; *In re Miller,* 178 Mich App 684, 686; 445 NW2d 168 (1989). Parents may demand a jury determination of the facts in the adjudicative phase of child protective proceedings. MCR 5.911(A); *In re Brock, supra* at 108; *In re Miller, supra* at 686. "If the court acquires jurisdiction, the dispositional phase determines what action, if any, will be taken on behalf of the child." *In re Brock, supra* at 108. The termination of parental rights requires further dispositional hearings and proof of the statutory elements for termination by clear and convincing evidence. *Id.* at 111-112; MCL 712A.19b(3).

The trial court clearly did not follow the procedures set forth in the court rules governing child protective proceedings. It failed to honor the mother's demand for a jury trial in the adjudicative phase, and it failed to conduct a dispositional hearing.

Moreover, the trial court erred in concluding that MCR 2.116(C)(10) applies to child protective proceedings. MCR 2.116(C)(10) allows a trial court to grant a motion for summary disposition where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Clearly, MCR 2.116(C)(10) does not apply to child protective proceedings. MCR 5.901 provides in part:

(A) The rules in this subchapter, in subchapter 1.100 and in rule 5.113, govern practice and procedure in the family division of the circuit court in all cases filed under the Juvenile Code. *Other Michigan Court Rules apply to such juvenile cases in the family division of the circuit court only when this subchapter specifically provides.*

(B) Unless the context otherwise indicates:

(1) MCR 5.901-5.927, 5.980 and 5.991-5.993 apply to delinquency proceedings and child protective proceedings;

\*          \*          \*

(4) MCR 5.961-5.974 apply only to child protective proceedings[.] [Emphasis added.]

At no place in subchapter 5.900 is MCR 2.116 applied to child protective proceedings. When interpreting court rules, we apply the same standards that govern statutory interpretation. *Hopkins v Parole Bd*, 237 Mich App 629, 640; 604 NW2d 686 (1999). Where the plain language of the rule is clear and unambiguous, courts must simply apply the clear meaning. *Id.*; *Meyer Jewelry Co v Johnson*, 229 Mich App 177, 180; 581 NW2d 734 (1998). Here, applying the clear and plain meaning of the court rules, MCR 2.116 does not apply to child protective proceedings. The trial court's conclusion that "no reason exists *not* to allow a motion under MCR 2.116(C)(10)" simply disregards the plain meaning of the court rules.

The trial court correctly noted that the commentary to MCR 5.993 suggests that MCR 2.119 has been incorporated by reference in the rules governing child protective proceedings. MCR 5.922(C) explicitly provides that "[M]otion practice in juvenile court is governed by MCR 2.119 . . . ." However, it does not follow that MCR 2.116 also applies. MCR 2.119 governs general considerations of motion practice, such as the

forms of motions and affidavits, the time for service, the hearing procedures for contested motions, and motion fees. In contrast, MCR 2.116 provides for a specific type of motion, i.e., a motion for summary disposition.

On appeal, the FIA adopts and elaborates on the trial court's reasoning. The FIA argues that because MCR 2.116(G) provides that MCR 2.119 applies to summary disposition motions, and MCR 2.119 applies to child protective proceedings, then MCR 2.116 applies to child protective proceedings. The FIA's argument is based on specious logic and is simply without merit. The fact that the general motion practice provisions of MCR 2.119 apply to motions for summary disposition brought under MCR 2.116 and also to motion practice under MCR subchapter 5.900 has no bearing on whether MCR 2.116 applies to child protective proceedings.

The trial court's employment of summary disposition procedures is not permitted by our court rules and does not comport with due process.[4] Without addressing the merits of the FIA's claim, the trial court's disregard of proper procedure warrants vacation of the court's order and remand for an adjudicative trial.

Vacated and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

---

[4] This author notes his concern that the FIA would advance such a tenuous legal position while a child's future remains uncertain.