# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* E. HULLIHEN, Minor.

UNPUBLISHED
September 27, 2016

No. 332112
Clare Circuit Court
Family Division
LC No. 15-000119-NA

Before: BORRELLO, P.J., and MARKEY and RIORDAN, JJ.

PER CURIAM.

Respondent appeals by right the termination his parental rights to his daughter, EH, based upon MCL 712A.19b(3)(h) (incarceration of parent) and MCL 712A.19b(3)(n) (parent convicted of murder). For the reasons set forth below, we affirm.

## I. FACTUAL BACKGROUND

In December 2011, respondent murdered EH's mother and the mother's boyfriend.[1] Respondent was convicted of two counts of second-degree murder, MCL 750.317, and two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Respondent was sentenced to concurrent prison terms of 37 years six months to 75 years for second-degree murder and two consecutive two-year terms for felony-firearm.

After the murder, respondent placed EH with his parents, signed an appointment of guardianship form for them, and provided them with a power of attorney. However, EH's maternal grandmother filed a competing petition for guardianship and was appointed as the child's guardian in April 2012. In December 2015, petitioner filed for termination of respondent's parental rights, citing respondent's convictions and lengthy incarceration. The trial court terminated respondent's parental rights and this appeal ensued.

## II. ANALYSIS

### A. JURISDICTION

---

[1] *People v Hullihen*, unpublished opinion per curiam of the Court of Appeals, issued May 22, 2014 (Docket No. 315371).

-1-

Respondent first argues that the trial court clearly erred by assuming jurisdiction over EH because the court erroneously focused on the child's past, not her present situation.

We review a circuit court's "decision to exercise jurisdiction for clear error in light of the court's findings of fact." *In re BZ*, 264 Mich App 286, 295; 690 NW2d 505 (2004). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Id*. at 296-297.

The trial court must find that a statutory basis exists for exercising jurisdiction over a minor in a child protective proceeding. *In re PAP*, 247 Mich App 148, 152-153; 640 NW2d 880 (2001). "To acquire jurisdiction, the factfinder must determine by a preponderance of the evidence that the child comes within the statutory requirements of MCL 712A.2." *In re Brock*, 442 Mich 101, 108-109; 499 NW2d 752 (1993).

MCL 712A.2(b) provides the following statutory grounds for a trial court to assume jurisdiction over a child:

> (b) Jurisdiction in proceedings concerning a juvenile under 18 years of age found within the county:
>
> (1) Whose parent or other person legally responsible for the care and maintenance of the juvenile, when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, who is subject to a substantial risk of harm to his or her mental well-being, who is abandoned by his or her parents, guardian, or other custodian, or who is without proper custody or guardianship. . . .
>
> * * *
>
> (2) Whose home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, nonparent adult, or other custodian, is an unfit place for the juvenile to live in. [MCL 712A.2(b)(1) and (2).]

MCL 712A.2 "speaks in the present tense, and, therefore, the trial court must examine the child's situation at the time the petition was filed." *In re MU*, 264 Mich App 270, 279; 690 NW2d 495 (2004).

The trial court did not clearly err by assuming jurisdiction under MCL 712A.2(b)(1) because the evidence showed that respondent posed a risk of harm to EH's mental well-being. It was uncontested that respondent murdered EH's mother, and the evidence showed that the murder was a circumstance that existed in EH's past and present, and will continue into her future. For example, evidence of EH's nightmares about the murder of her mother showed that the trauma continued to impact her mental well-being and EH did not want anything to do with respondent. The fact that a parent was incarcerated when the petition was filed does "not eliminate the mental and emotional effect on the child" of a parent's criminal conduct that impacts the child. See *In re S R*, 229 Mich App 310, 315; 581 NW2d 291 (1998). The murder

of EH's mother, standing alone, was sufficient to demonstrate substantial risk of harm to EH's mental well-being.

Respondent argues that there was no risk of harm to EH's mental well-being because the maternal grandmother testified that EH eventually stopped attending therapy and did not want to restart therapy even after her nightmares restarted. Respondent also asserts that the fact that EH was having nightmares was insufficient support for a conclusion that a substantial risk of harm to EH's emotional well-being existed. These arguments lack merit. Acknowledging evidence that EH's nightmares can be triggered by visiting respondent in jail, respondent notes that EH has not visited him in jail for over two years. But the evidence showed that EH's nightmares have occurred even when she has not visited defendant. Moreover, the nightmares themselves are indicative of the persistent negative effect that the murder has had on EH's mental and emotional well-being regardless of whether she sought continued therapy.

Additionally, the trial court did not clearly err by exercising jurisdiction under MCL 712A.2(b)(2). It is true that EH is presently residing in a suitable home with her maternal grandmother. However, the trial court had authority to assume jurisdiction under MCL 712A.2(b)(2) even if the parent is incarcerated and thus not residing in the same household as the child. *In re S R*, 229 Mich App at 317. To hold otherwise "would lead to the incongruous result that a petition filed the day before a respondent parent's conviction would result in the probate court's finding of jurisdiction, whereas the same petition filed the day after the parent's conviction would not." *Id*. Moreover, the murder of EH's mother certainly qualified as a depraved criminal act that rendered the home environment unfit despite EH's appropriate placement with petitioner at the time the petition was filed. MCL 712A.2(b)(2).

### B. STATUTORY GROUNDS FOR TERMINATION

Respondent next argues that the trial court clearly erred by determining that the requisite statutory grounds for termination were established by clear and convincing evidence.

We review a trial court's finding grounds for termination for clear error. *In re BZ*, 264 Mich App at 296. "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *Id*. at 296-297.

The trial court found grounds for termination under MCL 712A.19b(3)(n), which provides in relevant part as follows:

> The parent is convicted of 1 or more of the following, and the court determines that termination is in the child's best interests because continuing the parent-child relationship with the parent would be harmful to the child:
>
> (*i*) A violation of section 316, 317, 520b, 520c, 520d, 520e, or 520g of the Michigan penal code, 1931 PA 328, MCL 750.316, 750.317, 750.520b, 750. 520c, 750.520d, 750.520e, and 750.520g. [MCL 712A.19b(3)(n)(*i*).]

Here, it is uncontested that respondent was convicted of second-degree murder, MCL 750.317, which is an offense enumerated in MCL 712A.19b(3)(n)(*i*). The court also noted that there was a nonexistent parent-child bond, that EH needed stability and permanency, and that EH flourished under the care of the maternal grandmother. Additionally, the court noted EH's desire, as transmitted through reports by the guardian ad litem, that she did not want to see respondent or have any contact with him. This record clearly supported that termination was in EH's best interests because continued contact with respondent would be harmful to EH. There was uncontested evidence that EH suffered from nightmares relating to respondent's crime. The evidence also supported the trial court's determination that there was no longer any parent-child bond and that EH wanted no contact with respondent. Continuing the parent-child relationship under these conditions would likely be harmful and the trial court did not clearly err by finding that termination was in EH's best interests.

Because there was one ground for termination, we need not consider the additional grounds upon which the trial court based its decision. *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011).

Affirmed.

/s/ Stephen L. Borrello
/s/ Jane E. Markey
/s/ Michael J. Riordan

-4-