*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* WEEMS/MCDANIEL/HILL/HUNTER, Minors.

UNPUBLISHED
April 18, 2024

No. 368408
Washtenaw Circuit Court
Family Division
LC Nos. 21-000004-NA;
21-000005-NA;
21-000006-NA;
21-000014-NA;
22-000025-NA

Before: GADOLA, C.J., and BORRELLO and PATEL, JJ.

PER CURIAM.

In this interlocutory appeal arising from child protective proceedings, appellant Michigan Department of Corrections (MDOC) Director Heidi Washington, appeals by leave granted[1] the trial court's October 10, 2023 order that, in relevant part, ordered appellant to "allow supervised, video visitation" two times per month between respondent-mother and four of her seven minor children while respondent-mother was incarcerated in the Huron Valley Women's Correctional Facility (HVWCF). For the reasons set forth in this opinion, we vacate the trial court's order and remand for further proceedings.

## I. BACKGROUND

The few underlying facts relevant to the narrow issue before us on appeal are undisputed. Respondent-mother's minor children were removed from her care, and she was subsequently

---

[1] See *In re Weems/McDaniel/Hill/Hunter*, unpublished order of the Court of Appeals, entered November 14, 2023 (Docket No. 368408).

convicted of first-degree criminal sexual conduct against one of her minor children. Respondent-mother was sentenced[2] and then incarcerated in the HVWCF.

Following her criminal conviction, the trial court in the child protective proceedings that are the subject of the present appeal entered orders that respondent-mother was to have supervised parenting time, once per week, either in person or by video, with five of her minor children. Her parenting time with the other two children, which included the victim of her criminal conduct, was suspended.

It is undisputed that respondent-mother never received parenting time with any of her children while incarcerated in the HVWCF. Respondent-mother subsequently filed a motion in the trial court seeking an order to require the MDOC and HVWCF to show cause why they should not be held in contempt for failing to arrange visitation between respondent-mother and her children pursuant to the court's order regarding parenting time. The MDOC and the warden for the HVWCF appeared as nonparties in this action. As relevant to the arguments presented to this Court on appeal, the MDOC and the HVWCF warden argued in the trial court that the court did not have subject-matter jurisdiction over its administrative rules regarding visitation in its penal institutions.

The trial court held a hearing on the motion to show cause. Notably, at the time the trial court entertained a motion to show cause, it had yet to hold an adjudication hearing and accordingly, the minor children had not yet been found to be within the court's jurisdiction under MCL 712A.2(b). However, despite failing to hold an initial adjudication hearing, the trial court nonetheless went ahead with a hearing on the show cause and subsequently entered an order requiring appellant to "allow supervised, video visitation" two times per month between respondent-mother and four of her seven minor children while respondent-mother was incarcerated in the HVWCF. The trial court relied on MCL 712A.6 as authority for entering the order and for exercising jurisdiction over appellant. Additionally, the trial court declined to hold any person or entity in contempt. We granted the director's application for leave to appeal and stayed enforcement of the trial court's order pending resolution of this appeal.

## II. ANALYSIS

The issue before this Court is whether the trial court was authorized under MCL 712A.6 to enter the order requiring appellant, the director of the MDOC, to permit respondent-mother's supervised parenting time while respondent-mother was incarcerated.

This issue presents a question of law, which this Court reviews de novo. *In re PAP*, 247 Mich App 148, 152; 640 NW2d 880 (2001).

MCL 712A.6 provides in relevant part as follows:

---

[2] Respondent was sentenced to 25 to 50 years' imprisonment for that conviction. Her appeal from that conviction is also pending in this Court in Docket No. 365866.

The court has jurisdiction over adults as provided in this chapter . . . and may make orders affecting adults as in the opinion of the court are necessary for the physical, mental, or moral well-being of a particular juvenile or juveniles *under its jurisdiction*. However, those orders must be incidental to the jurisdiction of the court over the juvenile or juveniles. [Emphasis added.]

Although MCL 712A.6 grants the court "broad authority" to enter dispositional orders, that authority is only applicable *after* the court has found that the child is within the court's jurisdiction under MCL 712A.2(b). *In re Sanders*, 495 Mich 394, 404-406; 852 NW2d 524 (2014); see also MCL 712A.6.

There are two phases to child protective proceedings: the adjudicative phase, during which the court "determines whether it can take jurisdiction over the child in the first place," and the dispositional phase, during which the court determines the "course of action" that will "ensure the child's safety and well-being." *Id*. at 404. A court can only enter dispositional orders under its authority in MCL 712A.6 "[o]nce [the] court assumes jurisdiction over a child." *Id*. at 406. Assuming jurisdiction over the child requires proof by a preponderance of the evidence that one or more of the allegations in the petition are true and fall within MCL 712A.2(b), which may be established by plea or by a trial at which the rules of evidence are generally applicable. *Id*. at 404-406; see also *In re Ferranti*, 504 Mich 1, 15; 934 NW2d 610 (2019).

In this case, as the trial court should have been aware, it had not yet conducted an adjudication and therefore had not found by a preponderance of the evidence that the minor children were within the court's jurisdiction under MCL 712A.2(b). Notably, we deem it necessary to remind the trial court that its decision following a preliminary hearing to authorize the petition for filing, which only requires a finding of probable cause, is not equivalent to an adjudication and does not establish the court's jurisdiction over the minor children. *In re Ferranti*, 504 Mich at 15 ("After receiving the petition, the trial court must hold a preliminary hearing and may authorize the filing of the petition upon a finding of probable cause that one or more of the allegations are true and could support the trial court's exercise of jurisdiction under MCL 712A.2(b).").

Therefore, the court could not rely on MCL 712A.6 as authority for entering the order at issue in this case because the court had not yet obtained jurisdiction over the children under MCL 712A.2(b). The trial court erred as a matter of law by putting the cart before the horse and acting as if it were in the dispositional phase without first properly obtaining jurisdiction over the children, thereby skipping the adjudicative phase. We therefore vacate the trial court's order requiring appellant to permit respondent-mother parenting time. In light of our disposition of this matter, we need not address the parties' additional arguments generally involving the alleged conflict between the trial court's authority in child protective proceedings and the MDOC's authority over penal institutions. We leave these questions to be answered should they arise in an appropriate case, and we express no opinion on those questions here.

Vacated and remanded for further proceedings consistent with this opinion. We do not

retain jurisdiction.

/s/ Michael F. Gadola
/s/ Stephen L. Borrello
/s/ Sima G. Patel