PICKERING v PICKERING

Docket No. 233614. Submitted September 5, 2002, at Grand Rapids. Decided November 1, 2002, at 9:35 A.M.

Stephanie D. Pickering petitioned the Emmet Circuit Court for a personal protection order (PPO) against John D. Pickering, her husband. The parties were residing together in the marital home, but were in the process of obtaining a divorce. The court, Richard M. Pajtas, J., issued an ex parte PPO. The respondent then filed a motion to rescind the ex parte PPO. During a hearing on the motion, the court stated that the respondent had the burden of going forward with the evidence. Following the hearing, the court denied the motion, finding reasonable cause existed to believe that the respondent caused the petitioner to have a reasonable apprehension of violence. The respondent appealed.

The Court of Appeals *held*:

1. The burden of justifying continuation of a PPO granted ex parte is on the petitioner. The petitioner has the burden of persuasion in a hearing held on a motion to terminate or modify an ex parte PPO.

2. The procedures in MCR 3.310(B)(5) regarding dissolving temporary restraining orders that were granted without notice are controlling in this matter.

3. Although the court placed the burden of going forward with the evidence on the respondent, it did not place the burden of persuasion on the respondent. The court proceedings did not violate MCR 3.310(B)(5).

4. The burden of proof in obtaining a PPO, as well as the burden of justifying continuance of the order, is on the applicant for the PPO.

5. The court did not abuse its discretion in denying the motion to rescind the PPO on the basis that the evidence demonstrated reasonable cause to believe that the respondent engaged in conduct that caused the petitioner a reasonable apprehension of violence.

Affirmed.

1. MOTIONS AND ORDERS — EX PARTE PERSONAL PROTECTION ORDERS — BURDEN OF PROOF.

The burden of justifying continuation of a personal protection order issued ex parte is on the petitioner for the order; the petitioner has the burden of persuasion in a hearing on a motion to terminate or modify an ex parte personal protection order (MCR 3.310[B][5]).

2. MOTIONS AND ORDERS — EX PARTE PERSONAL PROTECTION ORDERS — BURDEN OF PROOF.

Allocation of the burden of proof in a hearing on a motion to terminate or modify an ex parte personal protection order is governed by MCR 3.310(B)(5).

3. MOTIONS AND ORDERS — PERSONAL PROTECTION ORDERS.

A court is required to issue a personal protection order where it determines that there is reasonable cause to believe that the individual to be restrained or enjoined may commit one or more of the acts listed in MCL 600.2950(1), including any other specific act or conduct that imposes upon or interferes with personal liberty or that causes a reasonable apprehension of violence; a trial court, in determining whether good cause exists, must consider testimony, documents, or other evidence and whether the person to be restrained has previously committed or threatened to commit one of the acts listed in MCL 600.2950(1) (MCL 600.2950[4]).

*Scott T. Beatty* for the petitioner.

*Strain, Murphy & VanderWal, P.C.* (by *Peter D. Bosch*), for the respondent.

Before: MURPHY, P.J., and HOOD and MURRAY, JJ.

MURRAY, J. Respondent John David Pickering appeals as of right an order denying his motion to rescind a personal protection order (PPO) issued ex parte at the request of petitioner Stephanie Doris Pickering, respondent's wife. This case requires us to address two issues that confront circuit courts daily, namely: (1) who has the burden of persuasion in an evidentiary hearing held on a motion to rescind an ex parte PPO; and (2) whether the facts presented in a husband-wife dispute occurring amidst divorce proceedings are sufficient to warrant the entry of an ex parte PPO that removes one of the parties (respon-

dent) from the marital home. For the reasons that follow, we hold that the party who petitioned for the ex parte PPO has the burden of persuasion in a hearing held on a motion to rescind and, on the facts of this case, that the entry and maintenance of the ex parte PPO was proper. Accordingly, we affirm.

### I. FACTS AND PROCEDURAL HISTORY

This case arises out of a PPO that was issued against respondent on February 15, 2001. At the time the PPO was entered, petitioner and respondent were residing together in the marital home, but were in the process of obtaining a divorce. The PPO was issued after an incident in which respondent threatened to break down a door that petitioner had braced shut with a chair while she worked on the family computer. After petitioner obtained the ex parte PPO, respondent filed a motion to rescind.

At the commencement of the hearing, the following colloquy regarding the burden of proof took place between the court and counsel for both parties:

> *Mr. Bosch* [respondent's counsel]: Just a procedural matter. Is the court going to require my client to put on proofs to set aside the PPO or is the Court going to put the burden of proof on the petitioner?
>
> *The Court*: What do you think?
>
> *Mr. Bosch*: My thoughts would be that the petitioner has to prove there's reasonable cause that the PPO stay in place.
>
> *The Court*: Mr. Beatty.
>
> *Mr. Beatty* [petitioner's counsel]: My preference, of course, Your Honor, would be that the defendant prove that it ought to be dissolved and I was trying to remember the last hearing we did whether that was the Court's approach or not.
>
> *The Court*: Well, the PPO is in effect under statute and the respondent wishes to modify it or terminate, so I think the

respondent at least has the *burden of going forward with the evidence.* [Emphasis added.]

Each party presented witnesses during the hearing and then made their closing arguments to the court.

On conclusion of the evidentiary hearing, the trial court denied respondent's motion, finding that the PPO was justified because reasonable cause existed to believe that respondent caused petitioner to have a reasonable apprehension of violence. This appeal followed.

## II. BURDEN OF PROOF

Respondent first argues that the trial court erred in ordering that the burden of proof was on him, rather than petitioner, to establish the propriety of the PPO. Which party bears the burden of proof is a question of law that we review de novo on appeal. *Kelly v Builders Square, Inc,* 465 Mich 29, 34; 632 NW2d 912 (2001).

We have previously held, consistent with the statutes and the court rules, that a petitioner bears the burden of proof when seeking to obtain an ex parte PPO. *Kampf v Kampf,* 237 Mich App 377, 385; 603 NW2d 295 (1999). However, the question of which party has the burden of proof in a hearing on a motion to rescind an ex parte PPO is addressed in neither the statute nor the court rules governing the issuance of PPOs. See MCL 600.2950 and MCR 3.707. However, the Michigan Court Rules do set forth the procedure for dissolving temporary restraining orders that were granted without notice:

At a hearing on a motion to dissolve a restraining order granted without notice, *the burden of justifying continuation of the order is on the applicant* for the restraining

order whether or not the hearing has been consolidated with a hearing on a motion for a preliminary injunction or an order to show cause. [MCR 3.310(B)(5) (emphasis added).]

Clearly an ex parte PPO constitutes a "restraining order granted without notice" under MCR 3.310(B)(5), because it is issued ex parte and restrains a respondent from committing certain acts. MCL 600.2950(30). In addition, MCR 3.310 applies to a statutory action for an injunction "only to the extent that it does not conflict with special procedures prescribed by the statute or the rules governing the special action." MCR 3.310(I). Because the PPO statute and court rules are silent on the issue of the burden of proof in a hearing on a motion to rescind or terminate, the procedures in MCR 3.310(B)(5) do not conflict with the PPO statute or court rules, and therefore are controlling in this case.

Petitioner argues that MCR 3.310(B)(5) does not apply because the PPO statute is clear and comprehensive on its face, and it does not specifically state that the court rule applies. However, it is not necessary for a statute to invoke a court rule to make it applicable. Rather, the Michigan Court Rules generally govern matters of procedure in all Michigan courts, MCR 1.103, and the rules in chapter three of the Michigan Court Rules specifically apply in the circuit court. MCR 3.001. Furthermore, as noted, neither the statute nor the court rules address the allocation of the burden of proof in a hearing regarding a motion to rescind or terminate a PPO, and hence MCR 3.310(B)(5) applies by its plain terms. MCR 3.310(I).

In Michigan, "[t]here are two aspects of the 'burden of proof'—the burden of persuasion and the burden of going forward with the evidence." *Satterfield v Grand Rapids Pub Schs Bd of Ed*, 219 Mich App 435,

438; 556 NW2d 888 (1996), quoting *Widmayer v Leonard*, 422 Mich 280, 290; 373 NW2d 538 (1985). MCR 3.310(B)(5) requires the petitioner to "justify" continuation of the PPO. Although that term is not defined in the court rule, it is defined elsewhere as "to prove or show to be just, right, or reasonable." *Webster's New Collegiate Dictionary* (1980); *Meyer Jewelry Co v Johnson*, 229 Mich App 177, 180; 581 NW2d 734 (1998) (resorting to dictionary for definition of undefined word in court rules is appropriate). Hence, under MCR 3.310(B)(5), the burden placed on the petitioner is the burden of justification, which in the context of the "burden of proof," means the burden of persuasion.

Accordingly, we hold that under MCR 3.310(B)(5) the burden of justifying continuation of a PPO granted ex parte is on the applicant for the restraining order. Hence, the petitioner will have the burden of persuasion in a hearing held on a motion to terminate or modify an ex parte PPO.

In this case, the trial court specifically ruled that respondent had the "burden of going forward with the evidence." However, as previously noted, the burden of proof encompasses two separate concepts. Thus, although the trial court placed the burden of going forward with the evidence on respondent, it did not place the burden of persuasion on respondent. *Satterfield, supra*. See, also, *Triple E Produce Corp v Mastronardi Produce, Ltd*, 209 Mich App 165, 176; 530 NW2d 772 (1995) (recognizing that shifting the burden of going forward with the evidence does not also shift the burden of persuasion). There is simply no indication in the record that the trial court placed the burden of persuasion on respondent. Rather, the court heard all the evidence and specifically held that the evidence established that there was sufficient

facts to justify the earlier entry of the ex parte PPO. Although the trial court did not use precise words indicating that the evidence "justified" continuation of the PPO, the court concluded that petitioner had proved through her more credible witnesses that the anger and temperament issues that led to the parties' prior incidents were of a continuous nature, thereby providing reasonable cause to believe that respondent caused petitioner a reasonable apprehension of violence. Thus, the trial court proceedings did not violate MCR 3.310(B)(5).[1]

### III. RESPONDENT'S MOTION TO RESCIND THE PPO

Respondent also argues that the trial court erred in denying his motion to set aside the PPO because the evidence failed to establish reasonable cause to believe that respondent would commit one or more of the acts referenced in the PPO statute, MCL 600.2950(1).[2] We disagree. A PPO is an injunctive order. MCL 600.2950(30)(c). The granting of injunctive relief is within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *Kernen v Homestead Dev Co*, 232 Mich App 503, 509-510; 591 NW2d 369 (1998). "An abuse of discretion is found only if an unprejudiced person,

---

[1] Although the trial court did not offend MCR 3.310(B)(5) by placing the burden of first coming forward with evidence on respondent, we believe it would be more appropriate in these hearings to have the petitioner—who has the burden of justification throughout the proceedings—to also be the party to first come forward with evidence.

[2] In reaching our conclusion, we do not consider the February 23, 2001, correspondence from the Michigan Head Pain and Neurological Institute, which was appended to respondent's brief on appeal. The trial court sustained petitioner's objection to admission of the exhibit, and thus, the document is not a part of the lower court record. It therefore cannot be considered by this Court. *Butler v Ramco-Gershenson, Inc*, 214 Mich App 521, 526, n 4; 542 NW2d 912 (1995).

considering the facts on which the trial court acted, would say there is no justification or excuse for the ruling made." *Ellsworth v Hotel Corp of America,* 236 Mich App 185, 188; 600 NW2d 129 (1999).

The trial court did not abuse its discretion when it denied respondent's motion to rescind the PPO. Under MCL 600.2950(4), the trial court is required to issue a PPO if it determines that "there is reasonable cause to believe that the individual to be restrained or enjoined may commit 1 or more of the acts listed in subsection (1)." The acts listed in subsection 1 include "[a]ny other specific act or conduct that imposes upon or interferes with personal liberty or that causes a reasonable apprehension of violence." MCL 600.2950(1)(j). In determining whether good cause exists, the trial court is required to consider "[t]estimony, documents, or other evidence" and "[w]hether the individual to be restrained . . . has previously committed or threatened to commit 1 or more of the acts listed in subsection (1)." MCL 600.2950(4)(a) and (b). As previously noted, the burden of proof in obtaining the PPO, as well as the burden of justifying continuance of the order, is on the applicant for the restraining order. *Kampf, supra* at 385-386; MCR 3.310(B)(5).

In this case, respondent argues that the trial court erred in failing to set aside the PPO issued against him on the ground that the conduct alleged by petitioner, which formed the basis for entry of the PPO, did not rise to the level of conduct necessary to establish "reasonable cause" for issuance of a PPO. Contrary to respondent's argument, there was testimony presented at the evidentiary hearing demonstrating reasonable cause to believe that respondent engaged in conduct that caused petitioner a reasonable apprehension of violence. MCL 600.2950(1)(j). Respondent

threatened to break down a door that petitioner had braced shut with a chair. In doing so, respondent shouted at petitioner with a "rage in his voice," continued to shove the door, and attempted to dislodge the chair by poking a yardstick under the door, ripping his watch off his wrist in the process. This conduct left petitioner afraid, "visibly shaken," and "hysterical." Petitioner also testified regarding other acts of anger and rage exhibited by respondent in the past that caused her to fear him. The trial court expressly found the testimony of petitioner, petitioner's brother, and the responding police officer credible, and this Court defers to the trial court in that determination. *Lumley v University of Michigan Bd of Regents*, 215 Mich App 125, 135; 544 NW2d 692 (1996). Under these circumstances, we are unable to conclude that the trial court abused its discretion in denying respondent's motion to rescind the PPO.[3]

Affirmed.

---

[3] We recognize that the facts of this case present a "close call" regarding whether the PPO should have been initially entered or continued. It is also true, as the trial court noted, that PPOs can be inappropriately utilized in a divorce or custody proceeding by parties attempting to obtain some perceived advantage, such as removing one parent from the home. However, we believe trial courts are well positioned to determine if a party is acting in such an inappropriate fashion. First, the trial court is in the best position to determine the credibility of the parties, which will obviously include the testimony, demeanor, and motive of the petitioner. Second, if a divorce or custody proceeding already exists when the PPO is filed, the PPO will be assigned to the judge presiding over the custody or divorce proceeding. MCR 8.111(D)(1). Presumably the judge who is handling the divorce or custody proceeding will have sufficient knowledge of the parties' circumstances to determine in most cases whether the petitioner is inappropriately seeking a tactical advantage by obtaining the PPO. See *Brandt v Brandt*, 250 Mich App 68, 71-72; 645 NW2d 327 (2002).