*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AMA,

               Petitioner-Appellee,

v

SS,

               Respondent-Appellant.

UNPUBLISHED
July 15, 2021

No. 354356
Wayne Circuit Court
LC No. 20-103463-PP

Before: RIORDAN, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

Respondent appeals by right the order denying her motions to compel discovery and terminate an ex parte personal protection order (PPO) as well as her request for an evidentiary hearing. For the reasons stated in this opinion, we affirm in part, and reverse in part.

## I. BACKGROUND

This case arises out of an incident that occurred on January 26, 2020, when respondent shot petitioner in the stomach. Petitioner and respondent are religiously—not legally—married and, at the time of the incident, both resided at the same residence. In the criminal case, respondent was ordered to have no contact with petitioner or go to their home, and so she moved out of their residence. However, the trial court in the criminal case later ordered that respondent could return to that residence. Shortly after, petitioner filed this action for an ex parte PPO. On May 7, 2020, the trial court granted the petition, ordering in part that respondent was prohibited from entering onto property where petitioner lives.

On May 26, 2020, respondent filed motions to dismiss the complaint for a lack of service or to modify or terminate the PPO. At the hearing, the court denied the motion to dismiss but adjourned the motion to modify or terminate the PPO and allowed for further documentation and briefing. Respondent then filed a motion to compel petitioner's deposition after he did not appear for a scheduled remote deposition. Respondent argued that a deposition would help narrow the issues for the eventual evidentiary hearing on the motion to terminate the PPO. After the second hearing, the trial court denied the motion to modify the ex parte PPO and the motion to compel discovery. The court also denied the motion to terminate the ex parte PPO and respondent's

request for an evidentiary hearing "at this time." The court reasoned that it would not consider lifting the PPO until the criminal matter was resolved. This appeal followed.

## II. ANALYSIS

Respondent argues the trial court erred by refusing to hold an evidentiary hearing on her motion to terminate the ex parte PPO.[1] We agree.[2]

MCL 600.2950 governs domestic-relationship PPOs. *TM v MZ*, 501 Mich 312, 316; 916 NW2d 473 (2018). See also MCR 3.700 *et seq*. An ex parte PPO is issued without prior notice to the individual being restrained. MCL 600.2950(12); *Pickering v Pickering*, 253 Mich App 694, 698; 659 NW2d 649 (2002). An ex parte PPO can be issued "if it clearly appears from the specific facts . . . that immediate and irreparable injury, loss, or damage will result from the delay required to effectuate notice or that the notice will itself precipitate adverse action before a [PPO] can be issued." MCL 600.2950(12).

The individual who is restrained by the ex parte PPO "may file a motion to modify or rescind the [PPO] and request a hearing . . . . A motion to modify or rescind . . . must be filed within 14 days after the order is served or after the individual restrained or enjoined has received actual notice of the [PPO]." MCL 600.2950(13). See also MCR 3.707(A)(1)(b). When such a motion is filed, a court "shall schedule a hearing" on the motion "within 14 days after the motion is filed." MCL 600.2950(14). See also MCR 3.707(A)(2). The word "shall" designates a mandatory provision. *In re Guardianship of Redd*, 321 Mich App 398, 409; 909 NW2d 289 (2017). "[A] petitioner bears the burden of proof when seeking to obtain an ex parte PPO." *Pickering v Pickering*, 253 Mich App 694, 651; 659 NW2d 649 (2002). That burden continues when the respondent seeks to terminate an ex parte PPO. *Id.* at 651-652.

In this case, respondent included a request for a hearing in the motion to modify or terminate the PPO that she filed within 14 days after she received actual notice of the ex parte PPO. At that point, the trial court was then required to schedule an evidentiary hearing "within 14 days after the motion [wa]s filed." MCL 600.2950(14). See also MCR 3.707(A)(2). Accordingly, the trial court erred by not scheduling or holding an evidentiary hearing on respondent's motion.

The trial court recognized respondent's right to an evidentiary hearing but ultimately denied the hearing "at this time." The court reasoned, "You have a hearing out before the criminal

---

[1] Generally, "[a] trial court's decision whether to hold an evidentiary hearing is reviewed for an abuse of discretion." *People v Unger*, 278 Mich App 210, 216-217; 749 NW2d 272 (2008). However, this issue involves the interpretation of statutes and court rules, which we review de novo. See *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008).

[2] The PPO in question expired during the pendency of this appeal. Nevertheless, the matter is not moot. See *TM v MZ*, 501 Mich 312, 319-320; 916 NW2d 473 (2018) (holding that expiration of a PPO does not render an improperly issued PPO moot given that even an expired PPO may have legal or other collateral consequences).

court. I'm not going to deny anything until that gets resolved." In other words, the trial court effectively stayed the PPO proceedings pending the resolution of the concurrent criminal case arising from the same incident. However, the statute and court rule requiring the court to hold an evidentiary hearing do not have exceptions for pending criminal matters. We recognize that this case presents a novel situation, as a "no contact" provision is generally a condition of bond on a violent offense and so a PPO against the alleged offender is typically not necessary. However, we must apply the unambiguous stautute and court rule as written. See *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002). Thus, the trial court's failure to hold an evidentiary hearing was erroneous and requires reversal of its order denying respondent's motion to terminate the PPO.[3]

Respondent also argues that the trial court erred by denying her request to compel petitioner's deposition.[4] The scope or availability of discovery in PPO cases is a question of first impression. However, even assuming discovery is available, trial courts have broad discretion regarding the extent of discovery. *People v Lemcool (After Remand)*, 445 Mich 491, 497-498; 518 NW2d 437 (1994). Here, the trial court stated at the first motion hearing that it would not allow respondent to depose petitioner, the victim of an alleged crime, but that respondent could cross-examine petitioner at the evidentiary hearing. As discussed, the court's failure to hold the evidentiary hearing was erroneous. However, its decision to deny a deposition in favor of live testimony at a hearing was sound. A PPO proceeding is civil in nature. See MCR 3.703(A) ("A is an independent action commenced by filing a petition with a court."). And trial courts "have a duty to prevent a defendant in a criminal case from exploiting the relaxed rules of civil discovery to gather evidence for the criminal case that is not otherwise available under criminal discovery rules." *People v Greenfield*, 271 Mich App 442, 447; 722 NW2d 254 (2006). See also *Gebhardt v O'Rourke*, 444 Mich 535, 550; 510 NW2d 900 (1994). While the pending criminal case did not excuse the court's failure to hold an evidentiary hearing, it was a reasonable basis for denying respondent's motion to compel discovery.

## III. CONCLUSION

We affirm the denial of respondent's motion to compel discovery but reverse the denial of

---

[3] While the pending criminal matter did not excuse the trial court from holding an evidentiary hearing, any such hearing must be conducted so as to protect the parties' constitutional rights, including the right to assert one's Fifth Amendment privilege.

[4] "This Court reviews rulings on motions to compel discovery for an abuse of discretion." *Cabrera v Ekema*, 265 Mich App 402, 406; 695 NW2d 78 (2005), citing *Ligouri v Wyandotte Hosp & Med Ctr*, 253 Mich App 372, 375; 655 NW2d 592 (2002). An abuse of discretion occurs where the decision falls outside the range of principled and reasonable outcomes. *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007).

respondent's motion to terminate the PPO and her request for an evidentiary hearing. Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro