*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CRB,

UNPUBLISHED
March 17, 2022

        Petitioner-Appellant,

v

No. 356872
Kalamazoo Circuit Court

SAB,

LC No. 21-008522-PP

        Respondent-Appellee.

Before: RIORDAN, P.J., and K. F. KELLY and SWARTZLE, JJ.

PER CURIAM.

Petitioner CRB appeals as of right the trial court's order granting respondent SAB's motion to terminate an ex parte personal protection order (PPO). We dismiss this appeal as moot.

## I. FACTS

On January 19, 2021, petitioner filed a petition for a PPO against respondent, who was her husband and with whom she shared children, alleging that she feared for her safety because of respondent's threatening and violent behavior. On the same day, the trial court entered an order prohibiting respondent from having contact with petitioner in the manner petitioner requested. The order provided that it would remain in effect until January 18, 2022.

In response, respondent filed a motion to terminate or modify the PPO. The trial court held a hearing at which respondent presented evidence to refute petitioner's claims. After taking testimony, the trial court summarized that petitioner no longer wanted to have a relationship with respondent and that respondent "has not favorably reacted to that, basically, engaging in conduct that can only be described . . . as stalking." The trial court observed that respondent tended to attempt to exercise control over matters outside of his legitimate control, which the trial court found was "concerning . . . in terms of his willingness to allow things like a court order to be honored." However, the trial court concluded that "these matters should, in fact, be in the province and the jurisdiction of the Family Division and in that respect, having issued a personal protection order, this Court is prepared to terminate the personal protection order" after "the parties present documentation of the initiation of the divorce proceedings." On March 23, 2021, after divorce proceedings had been initiated, the trial court granted respondent's motion to terminate the PPO.

## II. MOOTNESS

Petitioner argues that the trial court made an error of law when it terminated the PPO upon the initiation of divorce proceedings, or, alternatively, that it abused its discretion in in doing so because there was reasonable cause to believe that respondent might commit one or more acts listed in MCL 600.2950(1). Therefore, petitioner argues, we should reverse the trial court's decision to terminate the PPO. We conclude that because the PPO has already expired, we cannot afford petitioner any relief, and this appeal is moot.

A PPO is "an injunctive order issued by the family division of the circuit court restraining or enjoining activity and individuals . . . ." MCL 600.2950(30)(d). "[A]n ex parte PPO constitutes a 'restraining order granted without notice' under MCR 3.310(B)(5), because it is issued ex parte and restrains a respondent from committing certain acts." *Pickering v Pickering*, 253 Mich App 694, 698; 659 NW2d 649 (2002). "In cases in which an ex parte order is sought, the petitioner must show that the danger is imminent and that the delay to notify the respondent is intolerable or in itself dangerous." *Kampf v Kampf*, 237 Mich App 377, 385; 603 NW2d 295 (1999).

An individual against whom an ex parte PPO has been entered may petition to modify or rescind it. MCL 600.2950(13). "[T]he burden of proof in obtaining the PPO, as well as the burden of justifying continuance of the order, is on the applicant for the restraining order." *Pickering*, 253 Mich App at 701.

"The question of mootness is a threshold issue that a court must address before it reaches the substantive issues of a case." *In re Tchakarova*, 328 Mich App 172, 178; 936 NW2d 863 (2019). "A matter is moot if this Court's ruling cannot for any reason have a practical legal effect on the existing controversy." *Id*. (quotation marks and citations omitted). "[B]ecause reviewing a moot question would be a purposeless proceeding, appellate courts will sua sponte refuse to hear cases that they do not have the power to decide, including cases that are moot." *People v Richmond*, 486 Mich 29, 35; 782 NW2d 187 (2010) (quotation marks and citations omitted).

In this case, petitioner argues that the trial court's March 23, 2021 order terminating its January 19, 2021 PPO should be reversed, and the PPO reinstated. However, the PPO at issue provided that it "remains in effect until 01/18/2022." Thus, even if we reversed the trial court as requested by petitioner, the PPO could not be reinstated because it expired on January 18, 2022. Consequently, we can no longer afford petitioner any relief, and this appeal is moot.[1]

---

[1] We acknowledge that our Supreme Court held in *TM v MZ*, 501 Mich 312, 320; 916 NW2d 473 (2018), that "the mere fact that the instant PPO expired during the pendency of this appeal does not render this appeal moot." However, *TM* was premised upon a *respondent's* appeal of a PPO, in which the respondent argued that his appeal was "not moot because there *is* practical legal relief he could receive: if the Court of Appeals were to conclude that the PPO should never have issued in the first place, it would be rescinded, and notice of the same would be entered into LEIN under MCL 600.2950a(19)(b) and (20)." *Id*. at 317. In other words, when a respondent appeals the issuance or continuance of a PPO, his or her appeal is not moot notwithstanding the expiration of the PPO on appeal because removal from LEIN is practical legal relief. This case, in contrast, involves a *petitioner's* appeal of a now-expired PPO. Petitioner has not identified any practical

## III. CONCLUSION

Because the PPO at issue expired on January 18, 2022, this Court cannot afford petitioner any relief.[2] Therefore, we dismiss this appeal as moot.

/s/ Michael J. Riordan
/s/ Kirsten Frank Kelly
/s/ Brock A. Swartzle

---

legal relief to which she would be entitled if we reversed the trial court's order terminating the PPO at issue.

[2] Of course, nothing in our opinion precludes petitioner from seeking another PPO against respondent.