*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JMP,

Petitioner-Appellee,

UNPUBLISHED
March 24, 2022

v

BC,

No. 356237
Calhoun Circuit Court
LC No. 2020-000028-PP

Respondent-Appellant.

Before: CAVANAGH, P.J., and MARKEY and SERVITTO, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order denying his motion to terminate a personal protection order (PPO) and granting petitioner's motion to extend the same PPO. On appeal, respondent argues that the trial court erred. We affirm.

Petitioner sought and was granted a PPO on behalf of herself and her minor daughter against respondent following the end of a domestic relationship between the parties. The allegations in the petition seeking the PPO included that respondent followed, harassed, intimidated, and threatened petitioner and her family, and placed mice and roaches in petitioner's home. Petitioner also alleged that respondent had previously held her against her will, took her phone, and sexually assaulted her while she cried and asked him to please stop. Petitioner testified that she was diagnosed with severe post-traumatic stress disorder. Respondent denied petitioner's allegations.

This Court reviews the trial court's decision regarding a PPO for an abuse of discretion. *Hayford v Hayford*, 279 Mich App 324, 325; 760 NW2d 503 (2008). "A PPO is an injunctive order. The granting of injunctive relief is within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion." *Pickering v Pickering*, 253 Mich App 694, 700-701; 659 NW2d 649 (2002) (citation omitted). "[A]n abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *TM v MZ*, 326 Mich App 227, 235; 926 NW2d 900 (2018) (quotation marks and citations omitted; alteration in original).

Respondent appears to make three arguments. First, he argues that the trial court "wrongly downplayed" petitioner's lack of denial that she sent an explicit video of herself to respondent after she ended the relationship. According to respondent, petitioner testified that she ended the relationship but there was evidence that she continued acting as if she was in a romantic relationship with him. Second, respondent argues that the trial court relied on unidentified studies and its own views of domestic violence that were not supported by the record evidence. Third, respondent argues that petitioner only relied on her unsubstantiated fear that respondent would contact her, after he had not done so for a year and even took affirmative steps to protect himself from false allegations. None of these arguments entitle respondent to appellate relief.

Respondent's first argument merely speaks to the weight of the evidence, a matter solely in the trial court's discretion. See *People v Lemmon*, 456 Mich 625, 646-647; 576 NW2d 129 (1998) (stating that when the question is one of credibility, courts must leave the test of credibility with the trier of fact). It also mischaracterizes the record. Petitioner testified that she attempted to carry on the relationship after the first incidents during mid-December until New Year's Eve because she did not know how to end it. Petitioner testified that, after criminal charges were filed, respondent threatened and harassed her, including attempting to intimidate her into not moving back to her own property. While respondent notes that he testified petitioner offered to drop the charges against him in exchange for money, he ignores that petitioner testified that it was respondent who actually offered her money in exchange for dropping the charges. This battle of credibility was for the trial court to decide. See *id*.

As to his second argument, respondent is correct that the trial court heard no expert testimony about domestic violence. However, because the trial court extended the PPO for several principled reasons, reversal is not required. See *Pickering*, 253 Mich App at 700-701.

Respondent's third argument also lacks merit. The trial court found that, despite his bond conditions, respondent possessed knowledge from his time as a probation officer and had the financial resources to harass petitioner and manipulate the system if the PPO was not in place. It also found that it would have granted petitioner a two-year order if the initial order was not ex parte because of the seriousness of the domestic and sexual violence allegations. The trial court also noted that, had there not been pending criminal charges, it might have felt differently and gave more weight to respondent's testimony that the parties lived about an hour apart. However, with charges still pending, and with accusations from both parties of offers to exchange money for dropping the charges, the trial court determined that the PPO was still necessary. Respondent fails to establish that this was outside the range of reasonable and principled outcomes under the circumstances. See *TM*, 326 Mich App at 235.

Affirmed.


/s/ Mark J. Cavanagh
/s/ Jane E. Markey
/s/ Deborah A. Servitto