*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TAT-E,

Petitioner-Appellee,

v

WE IV,

Respondent-Appellant.

UNPUBLISHED
June 16, 2026
1:33 PM

No. 375928
Washtenaw Circuit Court
LC No. 25-000686-PP

Before: CAMERON, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order denying his motion to terminate a personal protection order (PPO) entered in petitioner's favor. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The parties were married for about 19 years and finalized their divorce in 2021. Since then, they have lived separately but continued to interact and coparent their three children. In April 2025, petitioner sought an ex parte PPO under MCL 600.2950 (restraining former spouse) and MCL 600.2950a (restraining individual for facts alleging stalking). The petition made three allegations. First, petitioner claimed that in February 2021 respondent invited her to his home to "see a surprise." After petitioner arrived, respondent went to his closet and produced a firearm, which frightened petitioner. Second, in August 2024, respondent entered petitioner's home without permission while their son was outside and petitioner was away. Finally, in March 2025, police were called to petitioner's home after a neighbor saw a truck in petitioner's driveway with two slashed tires. The truck belonged to petitioner's boyfriend who had been staying the night. Petitioner identified respondent from a video provided by her neighbor of the tire slashing.

The trial court granted the petition and entered an ex parte PPO against respondent. Respondent moved to terminate the PPO, but the trial court found that petitioner had a reasonable apprehension of violence pertaining to her allegation that respondent slashed the truck's tires. It also found that respondent's "presentation of a gun could be an implied threat," and petitioner was justified to be concerned about respondent feeling entitled to enter her home. This appeal followed.

## II. STANDARDS OF REVIEW

We review a trial court's denial of a motion to terminate a PPO for an abuse of discretion. *CAJ v KDT*, 339 Mich App 459, 463; 984 NW2d 504 (2021). "An abuse of discretion occurs when the [trial] court's decision falls outside the range of principled outcomes." *Id*. at 463-464. (quotation marks and citation omitted). The trial court's underlying factual findings are reviewed for clear error. *Id*. at 464. A trial court clearly errs when this Court is left with a definite and firm conviction an error was made. *Id*. Finally, "issues of statutory interpretation are reviewed de novo." *Brown v Rudy*, 324 Mich App 277, 288; 922 NW2d 915 (2018).

## III. ANALYSIS

Respondent argues that the trial court abused its discretion by denying his motion to terminate the PPO because there was insufficient evidence to establish that petitioner had reasonable cause to believe he would commit an act under MCL 600.2950(1). We disagree.

Under MCL 600.2950(4), a trial court must issue a PPO if there is reasonable cause to believe that the individual against whom the order is sought may commit any acts listed under MCL 600.2950(1). MCL 600.2950(1) provides, in relevant part:

> [A]n individual may petition the family division of circuit court to enter a personal protection order to restrain or enjoin a spouse, a former spouse, an individual with whom he or she has had a child in common, an individual with whom he or she has or has had a dating relationship, or an individual residing or having resided in the same household as the petitioner from doing 1 or more of the following:

> (a) Entering onto premises.

> \* \* \*

> (j) Engaging in conduct that is prohibited under [MCL 750.411h (stalking)] or [MCL 750.411i (aggravated stalking)] . . . .

> \* \* \*

> (*l*) Any other specific act or conduct that imposes upon or interferes with personal liberty or that causes a reasonable apprehension of violence. [MCL 600.2950(1)(a), (j), and (*l*).]

Petitioner has the burden to establish reasonable cause and "justification for the continuance of a PPO at a hearing on the respondent's motion to terminate the PPO." *Hayford v Hayford*, 279 Mich App 324, 326; 760 NW2d 503 (2008). In considering whether a petitioner has met their burden in establishing reasonable cause, the trial court considers the totality of the circumstances, *PF v JF*, 336 Mich App 118, 130; 969 NW2d 805 (2021), and "must consider the testimony, documents, and other evidence proffered and whether the respondent had previously engaged in the listed acts." *Hayford*, 279 Mich App at 326; MCL 600.2950(4).

-2-

We conclude that there was sufficient evidence to support the trial court's denial of respondent's motion to terminate. MCL 600.2950(1)(l) includes conduct "that causes a reasonable apprehension of violence." Petitioner saw her boyfriend's truck in her driveway with two of its tires slashed. The damage was corroborated by the responding officer. Petitioner identified respondent in a video taken shortly after she discovered the slashed tires and was frightened to learn that respondent was at her home with a weapon at night. The trial court believed petitioner's allegation and found that this conduct would reasonably cause an apprehension of violence. We defer to the trial court's credibility findings. See *Pickering v Pickering*, 253 Mich App 694, 702; 659 NW2d 649 (2002). Petitioner also alleged that respondent unexpectedly produced a firearm while they were alone in his home and, on a different occasion, entered petitioner's home while she was not present and without her permission. Given the totality of the circumstances, the trial court's decision was not outside the range of principled outcomes. *CAJ*, 339 Mich App at 463-464.

Respondent argues that the facts alleged by petitioner were insufficient to amount to reasonable cause because no objective evidence[1] established that respondent may repeat similar conduct or that the slashing of the tires was directed toward petitioner. Respondent incorrectly suggests that MCL 600.2950(4) requires that petitioner show at least two instances of respondent harassing or threatening petitioner that show a "continuity of purpose." Although these are the elements of stalking and aggravated stalking under MCL 750.411h and MCL 750.411i, respondent erroneously applies these requirements to *all* conduct under MCL 600.2950(1). No such requirement exists. Thus, petitioner was not required to show an additional instance of harassment or threatening conduct other than the slashing of the truck tires, nor was she required to show respondent's conduct demonstrated "continuity of purpose."[2]

Affirmed.

/s/ Thomas C. Cameron
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle

---

[1] Defendant repeatedly uses the term "objective" throughout his brief, suggesting the legal standard requires objective evidence in the reasonable cause determination. But we find no legal support for this characterization. Defendant cites *Pickering*, 253 Mich App at 702, in which this Court upheld a PPO because objective evidence supported a finding of reasonable cause. But *Pickering* did not impose a need for objective evidence as a standard for all PPO cases; it was simply a case in which objective evidence was available.

[2] Because the trial court properly denied respondent's motion under MCL 600.2950(1)(*l*), we need not address the trial court's other provided bases for denial.